UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL G YOUNG and
SUZZETTE HAMPTON,

      Plaintiffs,

v.

STATE OF MICHIGAN,

      Defendant.
_____/

Case No. 25-13351
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 5) AND DISMISSING COMPLAINT (ECF No. 1)**

**I.   BACKGROUND**

On October 22, 2025, pro se Plaintiffs Darryl G Young and Suzzette Hampton filed this 42 U.S.C. § 1983 action and an application to proceed without prepaying fees and costs. (ECF Nos. 1, 2.) Plaintiffs allege Defendant State of Michigan (the "State") violated their Due Process rights when "Baby Girl Vinson" was unlawfully removed from her home on the basis of a fraudulent Florida birth certificate. (ECF No. 1, PageID.4.) For the following reasons, the Court **GRANTS** plaintiffs' application to proceed without prepaying fees and costs and

**DISMISSES** the complaint for failure to state a claim on which relief may be granted.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## III. ANALYSIS

The Court finds that plaintiffs are unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** their application to proceed in forma pauperis under 28 U.S.C. § 1915. Thus, the Court must consider whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As discussed below, the Court finds that plaintiffs fail to state a claim on which relief may be granted.

Plaintiffs are suing the State[1] in its official capacity pursuant to 42 U.S.C. § 1983. (ECF No. 1, PageID.2.)

### A. Damages

Plaintiffs seek monetary damages from the State, including compensatory damages of $2,000,000 and punitive damages of $3,000,000. (*See* ECF No. 1, PageID.8.) However, in a § 1983 case:

---

[1] Plaintiffs identify several persons employed by State agencies (i.e., the Department of Health and Human Services and Child Protective Services) (*see* ECF No. 1, PageID.2, 4–5), however, plaintiffs do not name any individuals or State agencies as defendants in this action.

3

> The Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued, and the State of Michigan has not done so here. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

*McCoy v. Michigan*, 369 F. App'x 646, 653–654 (6th Cir. 2010).

It is well-established law that the State has not waived its immunity to a lawsuit pursuant to § 1983. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Moore v. McGinnis*, 182 F.3d 918 (Table), 1999 WL 486639, at *1 (6th Cir. June 28, 1999); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986). Nor has Congress abrogated the State's immunity. *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024) ("Congress has not abrogated Michigan's immunity to suit under § 1983 claims.").

Based on applicable law, including *Will*, *McCoy*, and *Kerchen*, the Court finds that, to the extent that plaintiffs seek monetary damages against the State, such relief is not available to plaintiffs as a matter of law.[2] Therefore, plaintiffs' claims for monetary damages from the State must be **DISMISSED** as a matter of law.

---

[2] If plaintiffs had named State agencies or State employees as defendants, any claim for damages against them also would be barred.

### B.   Injunctive Relief

Plaintiffs also seeks injunctive relief against the State in its official capacity; specifically, plaintiffs ask the Court to "correct the injustice that occurred when Baby Girl Vinson was unlawfully removed from her home . . . and separated from her family" and to "[o]rder the Michigan Department of Health and Human Services (DHHS) and Child Protective Services (CPS) to take corrective action . . ." (*See* ECF No. 1, PageID.8.)

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court addressed injunctive relief against a state and state actors. "Under the *Ex parte Young* exception, **a federal court can issue prospective injunctive and declaratory relief** compelling a state official to comply with federal law, . . . **The *Ex parte Young* exception does not,**

---

**Because** sovereign immunity extends to "state instrumentalities," *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), and the **MDOC is "an arm of the State of Michigan," the MDOC is entitled to sovereign immunity on the § 1983 claim** as well, *Turnboe v. Stegall,* 234 F.3d 1270 (6th Cir.2000) (unpublished order). **Moreover, the named Defendants, in their official capacities, are similarly entitled to immunity with respect to [plaintiff]'s § 1983 claim because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State**." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

*McCoy*, 369 F. App'x at 653–654 (emphasis added).

5

**however, extend to any retroactive relief**." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507–508 (6th Cir.2008) (emphasis added) (internal citations and quotation marks omitted).[3] Plaintiffs' claims for injunctive relief against the State seek retroactive relief (i.e., they ask the Court to correct past activity by the State), not prospective injunctive relief to enjoin future activity. Therefore, the Court finds that the State is entitled to Eleventh Amendment immunity on plaintiffs' claims for injunctive relief against the State and **DISMISSES** plaintiffs' claims for injunctive relief as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiffs' application to proceed without prepaying fees and costs (ECF No. 2) is **GRANTED**.

---

[3] *See also Diaz v. MDOC*, 703 F.3d 956, 964 (6th Cir. 2013) (citations omitted) ("In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law."); *Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 945–946 (E.D. Mich. 2025) (footnote omitted) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 636 (2002) (emphasis in original)) ("In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit [against a state officer], a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an *ongoing violation* of federal law and seeks relief properly characterized as *prospective*.").

6

**IT IS FURTHER ORDERED** that plaintiffs' complaint is **DISMISSED**.

**SO ORDERED.**

Date: November 14, 2025

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge

7

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2025.

                                 s/ **S. Osorio**
                                 Sandra Osorio
                                 Case Manager